IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARTHA ANN COOPER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No.  2:08-CV-01170-KOB |
| ) | |
| **AMERICA'S SERVICING CO.,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

This case comes before the court on "Defendant America's Servicing Company, Inc's Motion for Summary Judgment." (Doc. 35.)  On September 28, 2010, the magistrate recommended that the Defendant's motion be granted and this case be dismissed. (Doc. 50). The plaintiff filed an objection to the recommendation.  (Doc. 53.)  Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, the court finds that the Recommendation of the Magistrate Judge is due to be accepted and his Report is due to be adopted.

The court notes that Plaintiff –  who is proceeding *pro se* since shortly after the entry of the Report and Recommendation – did not object to the Magistrate Judge's determination that ACS is not a debt collector under the Act and that the FDCPA does not apply to these claims.  Thus, Plaintiff does not object to the Magistrate Judge's Recommendation as to the dismissal of all claims brought pursuant to the FDCPA, Counts I - IV.

Plaintiff *did* object to the Magistrate Judge's Recommendation on the claim brought pursuant to the Real Estate Settlement Procedures Act (RESPA) in Count V.  Plaintiff argues that genuine issues of material fact exist on the issue of whether her loan was a "business purpose loan" to which

RESPA is inapplicable.  However, no dispute exists that the property in question, referred to as "Bristol 109," is *not* Plaintiff's permanent residence and has *never* been her permanent residence; and that Bristol 109 has been occupied by a renter from the time Plaintiff purchased it.  Based on these facts, the loan in question on that property qualifies as a business purpose loan within the meaning of RESPA's business purpose exemption, and thus, falls outside the confines of RESPA. *See* 12 U.S.C. 2606 (a)(1) (RESPA "does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes"); TILA Regulation Z, 12 C.F.R. § 226.3 (a)(1)  ("[c]redit extended to acquire . . . rental property. . .that is not owner-occupied is deemed to be for business purposes"); 24 C.F.R. § 3500.5(2) ("Persons may rely on Regulation Z in determining whether the [RESPA business purpose] exemption applies.").  The records presented do indeed state differing labels of the property and the loan.  Where the underlying facts about the use of Bristol 109 are not in dispute, however, common sense dictates that Plaintiff cannot create a genuine issue of material fact by relying on inaccurate labeling caused by her own representations.

Further, the court notes that, even if it were to broaden its focus from *actual* use of the property in question to its *intended* use, Plaintiff acknowledges that at the time she purchased the property and took out the loan, she did not intend to live there in the immediate future but intended to rent it for some indefinite period of time before retirement. (Pl.'s depo. 59-60,  228-230, 298-300)

Therefore, the court EXPRESSLY FINDS that no genuine issues of material fact exist as to Counts I-V and that Defendant is entitled to judgment on these counts as a matter of law.  The court finds that the Magistrate Judge's Recommendation as to these counts is due to be ACCEPTED, will

GRANT Defendant's motion as to the claims in these counts, and will DISMISS Counts I-V.

The court also finds that Plaintiff has not pled diversity jurisdiction in the Second Amended Complaint or established in the pleadings that this court has diversity jurisdiction over the claims in Counts VI-IX, brought pursuant to Alabama state law. Therefore, the court finds that the Magistrate Judge's Recommendation that the court decline to exercise jurisdiction over the remaining state law claims is due to be ACCEPTED; the court will not reach the motion as to the state law claims in Counts VI-IX and will DISMISS those counts.

Dated this 15th day of December, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE