IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARTHA ANN COOPER, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CV-08-BE-1170-S |
| ] | |
| WELLS FARGO HOME MORTGAGE, ] | |
| INC., ] | |
| ] | |
| Defendant. ] | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's "Motion to Vacate Judgment in Accordance With Fed. R. C. Pro. 60(b)" (doc. 57). For the reasons stated in this Memorandum Opinion, the court finds that the motion is due to be DENIED.

## PROCEDURAL HISTORY

This saga involves the tale of two cases.  On September 06, 2009, the Plaintiff in *Cooper v. Wells Fargo Home Mortgage, Inc* (*Cooper I*), 2:08-cv-01170-KOB[1] (N.D. Ala. December 15, 2010), filed her second amended complaint. (Doc. 22). Counts I-V in the complaint raised federal question jurisdiction claims while counts VI-IX asserted supplemental jurisdiction claims. The complaint did *not* allege diversity jurisdiction for any count. The complaint did state that the Plaintiff resided in Jefferson County, Alabama and that the Defendant's principal place of business was in South Dakota. The complaint did *not* plead an amount in controversy, the Plaintiff's state of citizenship, or the Defendant's state of incorporation.  See Doc. 22 at 1-2.

On February 2, 2010, the Defendant moved for summary judgment on counts I-V. (Doc.

---

[1] Case original assigned to Magistrate Armstrong, but reassigned to Judge Bowdre when the Plaintiff objected to the Report and Recommendation.  *See* docs. 53 & 54.

35). On September 28, 2010, Judge Armstrong issued a "Report and Recommendation" recommending that the Defendant's summary judgment motion be granted and counts I-V be dismissed. Additionally, Judge Armstrong recommended that this court decline to exercise supplemental jurisdiction over the remaining state law claims, counts VI-IX. (Doc. 50). On November 11, 2008, the Plaintiff filed "Plaintiff's Objection to the Court's Report and Recommendation." (Doc. 53). In this document, the Plaintiff asserted that the state law claims should not be dismissed because they met the requirements for diversity jurisdiction. Alternatively, the Plaintiff asked this court to use its discretion to keep the state law claims under supplemental jurisdiction. Despite these two requests, the Plaintiff never requested permission to amend her complaint to plead the requisites of diversity jurisdiction.

On December 15, 2010, this court issued a memorandum opinion adopting Judge Armstrong's "Report and Recommendation." (Doc. 55). The court granted summary judgment in favor of the Defendant on Counts I - V and dismissed those counts with prejudice. However, as to the state law claims, this court held that the Plaintiff had failed to plead or establish diversity jurisdiction as an independent basis for jurisdiction over her state law claims. Therefore, the court declined to exercise supplemental jurisdiction over them and dismissed the state law claims in Counts VI-IX *without prejudice* pursuant to 28 U.S.C. § 1367(c). Simultaneously, this court issued a "Final Order" dismissing the action. (Doc. 55 - Memorandum Opinion, 56 - Final Order).

After this court dismissed *Cooper I*, the Plaintiff refiled the state law claims in the Circuit Court of Jefferson County Alabama. (Doc. 57 at 3). The Defendant removed the case to federal court where it was assigned to Judge Acker; thus, creating *Cooper v. Wells Fargo Bank* (*Cooper II*), 11-AR-0449-S (N.D. Ala.). Once *Cooper II* arrived in federal court, the Defendant asserted

the affirmative defense of *res judicata* based on the prior judgment of *Cooper I*. Although Judge Acker tentatively held that *res judicata* blocked *Cooper II*, he stayed that decision to allow the Plaintiff to file a Rule 60(b) motion with this court. *See* Pl.'s Mot. to Vacate, Doc. 57, Exhibit A.

On July 11, 2011, the Plaintiff filed the Rule 60(b) Motion to Vacate Judgment with this court that is the subject of this memorandum opinion. (Doc. 57).

## DISCUSSION

The Plaintiff argues that this court should vacate its December 15, 2010 order in *Cooper I* pursuant to Federal Rule of Civil Procedure 60(b)(1), (4), or (6). Rule 60(b) reads in part:

> (b) Grounds for Relief from a Final Judgment, Order, or
> Proceeding. On motion and just terms, the court may relieve a
> party or its legal representative from a final judgment, order, or
> proceeding for the following reasons: (1) mistake, inadvertence,
> surprise, or excusable neglect . . . (4) the judgment is void . . . (6)
> any other reason that justifies relief.

Rule 60(c) reads as follows:

> (c) Timing and Effect of the Motion. (1) Timing. A motion under
> Rule 60(b) must be made within a reasonable time — and for
> reasons (1), (2), and (3) no more than a year after the entry of the
> judgment or order or the date of the proceeding.

Each of the individual reasons for relief pursuant to Rule 60(b) have separate standards; however, they also share certain requirements germane to Rule 60(b) as a whole. First, Rule 60(b) motions may not substitute for a timely appeal. *See Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982). In *Parks*, the defendant failed to appeal and attempted to use a Rule 60(b)(1) motion after the time for appeal had expired. The Court upheld the district court judge's denial of the Rule 60(b)(1) motion because of a "strong interest in the finality of litigation." 677 F.2d at 841.

Second, even if a valid reason exists to grant a Rule 60(b) motion, the decision to grant or

3

deny rests within the judge's "sound discretion." *See Turner v. Sec'y of Air Force*, 944 F.2d 804, 807 (11th Cir. 1991) ("Motions made under Rule 60(b) are within the sound discretion of the trial court."). The only exception to this rule is when a judgment is void under Rule 60(b)(4). *Recreational Properties, Inc. v. Southwest Mortg. Service Corp.*, 804 F.2d 311, 314 (5th Cir. 1986) ("The district court has no discretion – the judgment is either void or it is not."). This general principle of discretion extends to deciding what is a "reasonable time" under Rule 60(b). *First Republic Bank Ft. Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992) ("The denial of a Rule 60(b) motion on the basis that the motion was not filed within a 'reasonable time' is reviewed on appeal under the highly deferential abuse of discretion standard."). The length of a "reasonable time" depends on the facts and circumstances of each case. *See United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985) ("What constitutes reasonable time depends on the facts of each case."); 12 Joseph T. McLaughlin, *Moore's Federal Practice - Civil*, § 60.65 (2011) ("'[R]easonable time' under Rule 60(c)(1) is not a fixed concept. It depends on the facts and circumstances of each case.").

In the instant case, the court entered its final order on December 15, 2010. The Plaintiff did not file her motion to vacate until July 11, 2011 – 209 days later. Given that Plaintiff has filed the instant motion after the time for appeal has expired and she is, in effect, using the motion as a substitute for appeal, the court is not convinced that the motion was filed within a reasonable time as required by Rule 60(b). Like the plaintiff in *Parks*, this Plaintiff failed to appeal the original decision, but filed this motion after the time for appeal had expired, asking this court to alter its decision on an alleged jurisdictional error. To grant the Plaintiff's 60(b) motion after the time for appeal had passed would violate the "strong interest in the finality of litigation." *Parks,* 677 F.2d at 841. Therefore, the court, in its discretion, FINDS that the 60(b)

motion is due to be DENIED as untimely.

This reason is sufficient to merit denying the Plaintiff's motion.  However, the court notes that Plaintiff filed the motion as soon as she learned of the possible preclusive effect of this court's prior decision.  Accordingly, as an *alternative* ruling, the court reviews its decision in *Cooper I* and determines that, even if the motion had been timely filed, which it was not, the motion is still due to be denied on the merits for the reasons stated below.

I.        **No relief under Rule 60(b)(4) because the order is not void.**

The Plaintiff argues that this court should vacate its December 15, 2010 order in *Cooper I* pursuant to Fed. R. Civ. P. 60(b)(4) because the judgment is void. First, the Plaintiff contends the court erred by dismissing the counts that were previously asserted under § 1367 supplemental jurisdiction without considering the pendent jurisdiction factors articulated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (explaining when a court may maintain pendent jurisdiction (now supplemental jurisdiction under § 1367)). Second, the Plaintiff contends that the court's dismissal of the claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 8(a)(1) and (12)(h)(1) is erroneous under *Kale v. Combined Insurance Co. of America*, 924 F.2d 1161 (1st Cir. 1991), and *Shaver v. F. W. Woolworth*, 840 F.2d 1361 (7th Cir. 1988). The Plaintiff, however, never explains exactly *why* the court's order was so erroneous as to be void, leaving the court to speculate what that error could be.

First, to be a void judgment under Rule 60 (b)(4), the judgment must be a "legal nullity." *United Student Aid Funds, Inc. v. Espinsoa*, 130 S. Ct. 1367, 1377 (2010). A judgment is not void simply because it is erroneous. *Id.* (citing *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)). Rule 60(b)(4) only applies when a judgment contains a jurisdictional or due process error. Specifically, the error must be so extreme that the court lacks even an "arguable basis for

jurisdiction." Again, the Court cautioned that "a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Espinosa*, 130 S. Ct. at 1377.

In this case, the Plaintiff does not present an argument that can even facially meet due process or jurisdictional error challenges to the *Cooper I* order. The Plaintiff argues not that this court *lacked* jurisdiction to issue the final order, but rather that the court should have exercised jurisdiction over other claims. Thus, because the Plaintiff does not assert any argument that the order was a "legal nullity," but rather merely argues that it was erroneous, her Rule 60(b)(4) motion does not even facially present a valid reason for granting a Rule 60(b)(4) motion.

**A.     This court was not required to articulate its analysis of the factors in *Gibbs* before declining to exercise supplemental jurisdiction pursuant to 28 USC § 1367(c).**

The Plaintiff argues that this court's order in *Cooper I* was void because the court did not evaluate the case pursuant to the factors governing dismissals that the Eleventh Circuit articulated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). The Plaintiff points to the decision of *Palmer v. Hospital Authority of Randolph Co.*, 22 F.3d 1559 (11th Cir. 1994), and claims that the Court of Appeal established "that when declining to exercise supplemental jurisdiction under Section 1367, district courts must make specific findings. . . includ[ing] consideration of the *Gibbs* factors." Pl's Mot. to Vacate, doc. 57 at 6. Despite asserting this requirement, the Plaintiff does not quote, paraphrase, or cite any text from *Palmer* articulating this requirement.

In *Gibbs*, the Supreme Court established pendent jurisdiction for claims that "derive[d] from a common nucleus of operative fact" as claims with original jurisdiction. *See Gibbs* 383 U.S. at 725. The Court in *Gibbs* held that pendent jurisdiction was a *discretionary* power of federal courts; thus a court should decline to use this power under certain situations, such as if

the state claims substantially predominated the federal claim. *See* 383 U.S. at 726. Specifically, the Court held that a "court should hesitate to exercise jurisdiction" if doing so would not promote "judicial economy, convenience, or fairness to litigants." 383 U.S. at 726.

The general concept of pendent jurisdiction was codified into supplemental jurisdiction by 28 U.S.C. § 1367 (2006). Under § 1367(c)(3), a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."

In *Palmer*, the district court had dismissed state law claims but "did not state whether it was dismissing these claims because it lacked the *power* to hear them under section 1367(a), or because it decided, in its discretion under section 1367(c), not to exercise that power. . . ." 22 F.3d at 22 F.3d at 1567. Thus, without information about the basis of the district court's decision, the Eleventh Circuit analyzed all potential bases. The Court of Appeals held that § 1367(a) requires a court to maintain supplemental jurisdiction over any claim that forms part of the same "case or controversy" unless the claim meets the exceptions listed in § 1367(b)-(c). *See* 22 F.3d at 1569. The Court specifically noted that courts maintain discretion to extend or withhold supplemental jurisdiction to a claim that meets the § 1367(c) exception. *See Palmer*, 22 F.3d at 1569. In *Palmer*, the Court stated:

> . . . the additional *Gibbs* considerations may, by their presence or absence, influence the court in its decision concerning the exercise of such discretion. Such factors include judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together.

*Id.* Despite this statement, the Court never *required* a district court to consider – nor to articulate – the *Gibbs* factors in a discretionary decision to maintain or withhold supplemental jurisdiction pursuant to § 1367(c).

This court properly exercised its discretion by declining to maintain supplemental

jurisdiction pursuant to § 1367(c). Once the federal question claims were dismissed, this court properly concluded that, in accordance with § 1367(c)(3), all claims of original jurisdiction were dismissed and it was within this court's discretion to decline to continue exercising supplemental jurisdiction over the remaining claims. The Plaintiff does not dispute that this case meets the requirements of § 1367(c).

Based on the above analysis, this court properly declined to exercise supplemental jurisdiction over the remaining claims and committed no error; therefore, its judgment is not void and the Plaintiff is not entitled to relief under Rule 60(b)(4).

**B.     This court properly dismissed all remaining state claims "without prejudice" because Plaintiff failed to sufficiently allege diversity jurisdiction over those claims.**

The Plaintiff argues that this court erred by declining to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332 (2006) over the remaining state law claims. In support of this allegation, the Plaintiff advances two arguments. First, the Plaintiff argues that *McGinty v. Dunn*, No. 10-139, 2010 WL 5175122 (M.D. Ga. Nov. 30, 2011), requires this court to allow the Plaintiff to submit exhibits proving the citizenship of the parties and amount in controversy before dismissing the action for lack of subject matter jurisdiction. Second, the Plaintiff cites *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 (7th Cir. 1988) for the proposition that diversity jurisdiction is not a doctrine of discretion, but of right to all plaintiffs.

The statutory basis for diversity jurisdiction, 28 U.S.C. § 1332 (2006), states in part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . ." To establish statutory jurisdictional requirements, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that a pleading must contain "a short and plain

statement of the grounds for the court's jurisdiction." Furthermore, Fed. R. Civ. P. 12(h)(3) requires that, "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added).

In *Shaver*, the Seventh Circuit Court of Appeals did state that a court does not have discretion to deny diversity jurisdiction; however, the context of *Shaver* and the jurisdictional statutes make clear that diversity jurisdiction does not automatically extend to any and all claims; rather, the party invoking jurisdiction must meet certain pleading requirements. *See Shaver*, 840 F.2d at 1366. The *Shaver* decision explains that a court lacks discretion to withhold diversity jurisdiction *from plaintiffs who meet these requirements*, but also explains that a court lacks discretion to extend jurisdiction to a plaintiff who does not meet these requirements. *See Shaver*, 840 F.2d at 1366. In the instant case, the Plaintiff failed to plead diversity jurisdiction or its requirements.

In *McGinty*, the district court allowed the parties to provide evidence of citizenship and the amount in controversy even though they did not provide this information in the complaint. 2010 WL 5175122 at 1. That court specifically noted that at the time of the order, it assumed that subject matter jurisdiction did not exist. *Id.* Additionally, in *McGinty* the complaint *alleged diversity jurisdiction* despite missing the crucial facts to establish diversity jurisdiction. Thus, in following Rule 8(e)'s admonishment to "construe pleadings so as to do justice," the judge likely thought it would be more effective to walk the plaintiffs through the process of establishing diversity jurisdiction instead of immediately dismissing the complaint. *See* Fed. R. Civ. P. 8(e).

The court notes that *McGinty* is not controlling for several reasons. First, that case was a district court case, and this district court is not bound by the decisions of other district courts; those decisions serve at most as persuasive authority. Further, the *McGinty* court addressed the

jurisdictional issue at a different stage of the proceedings -- immediately after the Complaint was filed. In the instant case, the court addressed the jurisdictional issue over two years after the case was filed and after the Plaintiff had twice amended her Complaint, participated in mediation efforts, filed a brief in response to Defendant's motion for summary judgment, and objected to the Report and Recommendation of the magistrate judge which pointed out the lack of original jurisdiction over the state claims. Finally, the plaintiffs in *McGinty* actually stated in their complaint that they were asserting diversity jurisdiction, albeit without all necessary facts. In the instant case, the Plaintiff's pleading asserted jurisdiction under various statutes and 28 U.S.C. § 1337 (commerce and antitrust regulations) but did not assert jurisdiction under § 1332 (diversity jurisdiction).

In contrast to the *McGinty* court's lenient approach of assisting plaintiffs who fail to meet diversity pleading requirements, courts often strictly construe the pleading requirements for diversity jurisdiction. *See e.g.*, *McGovern v. American Airlines*, 511 F.2d 653, 654 (5th Cir. 1975) ("When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'"). In *McGovern*, a case similar to the case at bar, the plaintiff's complaint pled the citizenship of the plaintiff and the principal place of business of the defendant corporation, but failed to plead the defendant's state(s) of incorporation. The district court dismissed the plaintiff's complaint without prejudice and instead of amending, the plaintiff filed a motion to vacate that the district court subsequently denied. On appeal, the Fifth Circuit held that both the original dismissal and subsequent denial of the motion to vacate were correct and within the discretion of the district court. 511 F.2d at 654.

Similarly, this court did not err by dismissing the Plaintiff's claims without requesting her to submit evidence of diversity jurisdiction. While the Plaintiff alleges that she "affirmatively

pled [] complete diversity," the pleadings fail to corroborate this allegation. *Cf.* Pl.'s Mot. to Vacate, doc. 57, at 5; *and* Second Am. Compl. doc. 22. The Plaintiff claims she pled that she was a citizen of Alabama; however, she only pled that she was a *resident* of Alabama. Additionally, the Plaintiff failed to plead the Defendant's state(s) of incorporation. *See* Pl's Second Am. Compl., doc. 22, at 2. The Plaintiff admits that she did not allege an amount in controversy until her objection to the Report and Recommendation, which was neither an amendment to the complaint, nor a "pleading." Pl.'s Mot. to Vacate, doc. 57, at 5; *see* Fed. R. Civ. P. 7. Thus, because diversity jurisdiction was never pled in the complaint and all other sources to invoke original jurisdiction were absent, this court correctly concluded that subject-matter jurisdiction was absent over the state claims and dismissed the remaining state claims pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Accordingly, this court correctly dismissed the Plaintiff's complaint and finds that the Plaintiff's motion to vacate is due to be DENIED under Fed. R. Civ. P. 60(b)(4) because the court made no errors and its judgment is not void.

**II.    No relief under Rule 60(b)(1) because no mistake or excusable neglect exists.**

The Plaintiff argues this court should vacate its judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) because the court "did not intend to review the state law claims and did not intend its dismissal to be an adjudication on the merits of Plaintiff's state law claims." Pl.'s Mot. to Vacate, doc. 57, at 7. The court acknowledges that it never intended to review the state law claims and never intended its dismissal to be an adjudication on the merits of Plaintiff's state law claims. Indeed, its "Final Order" is very clear that it did not reach the motion for summary judgment as to the state law claims, and did not address the merits of those state claims; it explicitly stated that, having found that the Plaintiff had not sufficiently pled diversity

jurisdiction, it was *declining to exercise its discretionary jurisdiction* over the state law claims.

In any event, the parties now argue that the court's Final Order may have some preclusive effect over the Plaintiff's ability to pursue her state law claims. To the extent, if any, that they pursue this argument, the court will address whether Rule 60(b)(1) allows the Plaintiff to reopen and pursue those state law claims in this court. Rule 60(b)(1) reads: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . ." The court first notes that the circuits are split as to whether Rule 60(b)(1) even applies to the "mistake[s], inadvertence, surprise, or excusable neglect" of courts in addition to parties. *See, e.g., Liberty Mut Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982). The Eleventh Circuit has adopted the Fifth Circuit's rule allowing 60(b)(1) motions to apply to courts *if* the mistake is based on a legal error and the motion is filed within the time for appeal. *Parks* v. *U.S. Life & Credit Corp.*, 677 F.2d 838, 839 (11th Cir. 1982) (citing *Meadows v. Cohen*, 409 F.2d 750, 752 n.4 (5th Cir. 1969)).

In this case, the Plaintiff failed to assert any legal error that would justify granting a Rule 60(b)(1) motion. As discussed *infra* part I, the legal errors the Plaintiff does assert are not meritorious. In any event, the Plaintiff does not meet the Eleventh Circuit's rule because her motion was not filed within the time for appeal. Therefore, the court finds that the motion is due to be DENIED under Rule 60(b)(1).

**III.    No relief under Rule 60(b)(6) because no extraordinary circumstances.**

The Plaintiff argues this court should vacate its judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) to avoid "an adjudication on the merits of Plaintiff's state law claims." Pl.'s Mot. to Vacate, doc. 57, at 7.

Rule 60(b)(6) reads: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (6) any other reason that justifies relief." The Supreme Court has held that any justification under Rule 60(b)(6) must be exclusive of the reasons provided in Rule 60(b)(1)-(5). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n.11 (1988) ("clause (6) and clauses (1) through (5) are mutually exclusive"). Additionally, the Court required that a motion under Rule 60(b)(6) should only be granted under "extraordinary circumstances." *Id.* at 864. Although the Court did not specify what constitutes "extraordinary circumstances," the Supreme Court's cases in the area turn on whether the Plaintiff had any other recourse. *See* 12 *Moore's Federal Practice* § 60.48 (2011) ("The main distinction between *Klapprott* and *Ackermann* is that Mr. Klapprott was a victim of circumstances while Mr. Ackermann was largely at fault for his predicament"). *Compare Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (granting a motion to vacate a default denaturalization judgment because civil authorities had prevented the defendant from attending the denaturalization hearing), *with Ackermann v. United States*, 340 U.S. 193, 200-02 (1950) (denying a motion to vacate a denaturalization judgment because the defendant failed to take advantage of post-trial procedural relief).

In this case, the Plaintiff does not assert any grounds for relief separate from her claims under Rule 60(b)(1) and 60(b)(4). Rather, she specifically groups the Rule 60(b)(1) and 60(b)(6) motions under the same discussion section. Despite this drafting error, the Plaintiff's allegations, specifically those suggesting something akin to a default judgment because her claims will not be heard on the merits, are relevant under 60(b)(6).

Although the Plaintiff's allegations are *relevant* to Rule 60(b)(6), the Plaintiff fails to make any showing of "extraordinary circumstances." Rather than being extraordinary, the

13

Plaintiff's circumstance could occur any time a plaintiff chooses one option over another. The court dismissed her state law claims without prejudice to leave open options to her. She had the option to seek leave to amend her complaint to plead diversity jurisdiction over the state law claims in this court. She did not pursue that option. Instead she pursued her other option – filing a new suit in state court, which the defendant removed to federal court and asserted *res judicata* as a defense. Having made her choice among her options, and foregoing the option of amendment of her complaint in this court, she has made her bed in which she must lie.

Thus, the Plaintiff's Rule 60(b)(6) motion should be denied because the Plaintiff failed to make a showing of "extraordinary circumstances" and failed to take advantage of appropriate procedural remedies that were available to her.

## **CONCLUSION**

The Plaintiff's Rule 60(b) motion is due to be DENIED. The Plaintiff fails to meet the substantive reasons that justify granting a 60(b) motion. While the Plaintiff's situation may be unfortunate, that situation is both a foreseeable and avoidable consequence of her failures to allege diversity jurisdiction in the original complaint, to amend the complaint to plead diversity jurisdiction, or to pursue appropriate post-judgment remedies.

Dated this 10th day of January, 2012.

/s/ Karon O. Bowdre
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE